UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAHMEL A. WALKER,

                Plaintiff,

-against-

C.O. C. FIERRO and C.O. S. ORTIZ,

                Defendants.

17 CV 05245 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff, Rahmel A. Walker ("Plaintiff"), a *pro se* inmate at Fishkill Correctional Facility ("Fishkill Facility") commenced the instant action on or about July 11, 2017 ("Complaint", ECF No. 3), asserting claims sounding in 42 U.S.C. § 1983 ("Section 1983") against Defendants C.O. C. Fierro ("CO Fierro") and C.O. S. Ortiz ("CO Ortiz") (collectively the "Defendants). By Order dated October 25, 2017, Plaintiff was granted leave to file an amended complaint. (ECF No. 5.) On December 29, 2017, Plaintiff filed an amended complaint. (ECF No. 6.) By Order dated February 6, 2018, Plaintiff was granted leave file a second amended complaint in order to comply with Federal Rules of Civil Procedure § 8. (ECF No. 7.) On February 27, 2018, Plaintiff filed a second amended complaint asserting similar Section 1983 claims. (ECF No. 8). The second amended complaint is the operative complaint. Presently before the Court are Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to plead plausible claim(s). (ECF No. 18.) For the following reasons, the motion is GRANTED without opposition.


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/13/2019

**BACKGROUND**

The factual allegations are taken from the second amended complaint and are deemed true for the purposes of this motion.

Plaintiff, an inmate at the Fishkill Facility, alleges that defendants CO Fierro and CO Ortiz have engaged in a pattern of aggressiveness and hostility towards him and other inmates at the facility. Plaintiff references two separate incidents which occurred on or about May 28, 2017 and June 15, 2017. According to Plaintiff, on June 15, 2017, defendant CO Fierro "came into work aggressive and disrespectful." CO Fierro "picked him [Plaintiff] out in the mess hall," without cause, for violating multiple rules and began threatening and harassing him. While Plaintiff was speaking to another officer on the food line, CO Fierro walked over to Plaintiff and began scolding him. CO Fierro "went off" and instructed Plaintiff not to speak to anyone on the line, and wrote a false misbehavior ticket. Additionally, CO Fierro verbally harassed Plaintiff by calling him a "faggot," "homo," a "transgender with a beard and no chest," told others that Plaintiff was on medication, and threatened to accuse Plaintiff off telling falsehoods about other inmates which would place Plaintiff in danger. CO Fierro directed Plaintiff to "lock in and sign the ticket" without objecting.

Plaintiff alleges that while returning to his regular housing cell, he observed CO Fierro speaking to an unidentified officer, point to Plaintiff and state that Plaintiff was "messing with her job," and that Plaintiff should be placed in keep lock so they could get him. Defendant CO Fierro then locked Plaintiff in his housing cell. After things "cooled down," Plaintiff saw CO Fierro walking behind him "doing the reg meds (medications)" with gloves on, "eye[d] him" and "[gave] the vibe as if to take me somewhere." Defendant CO Fierro then went into the officer bubble and spoke to another officer about Plaintiff. Plaintiff does not allege what was said

between the officers. Plaintiff asserts that while Defendant CO Fierro was in the bubble, some of the inmates "c[a]me at" him when he went to the rec yard at 1:00 p.m. (which is recreation time).

Later that day, Plaintiff states that an unnamed Sergeant opened the cell and asked Plaintiff what happened earlier, and told Plaintiff to "speak his peace" with Defendant CO Fierro. In response, Plaintiff informed "no, she violated my rights, spoke unprofessionally, and derogatory." As to Defendant C.O. Ortiz, Plaintiff repeats these allegations and adds that Defendant CO Ortiz called him a "faggot, rapist, and dick sucker". Plaintiff further alleges that Defendant CO Ortiz stated he was prepared to tell everyone that Plaintiff was in prison for rape and said "he [would] get him."

Plaintiff also references an incident wherein CO Fierro required the entire "3C" block inmates to line-up just outside the mess hall and threatened to eliminate their recreation time because of Plaintiff's misbehavior (talking about the officer). While addressing the 3C block inmates, CO Fierro referred to Plaintiff as the "faggot." Plaintiff suggest that CO Fierro was attempting to intimidate him.

In the injury section of the second amended complaint, Plaintiff also asserts that on an unspecified date and time "they pulled me over on 2 complex by the mess hall, put me up on the wall and told me to shut my f…ing mouth, chocked me, slammed me on the floor in front of a Sergeant and 6 Corrections Officers then told me to go back to my housing unit. They told me I could not get medical treatment and denied me all ways to get it."

3

## LEGAL STANDARDS

**RULE 12(b)(6)**

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Factual allegations must "nudge their claim from conceivable to plausible." *Twombly*, 550 U.S. at 555. A claim is plausible when the plaintiff pleads facts which allow the court to draw a reasonable inference the defendant is liable. *Iqbal*, 556 U.S. at 678. To assess the sufficiency of a complaint, the court is "not required to credit conclusory allegations or legal allegations couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013). While legal conclusions may provide the "framework of the complaint…threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 – 79.

*Pro se* complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). They must be held to less stringent standards than complaints written by lawyers, and only dismissed when the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief." *Estelle*, 429 U.S at 106 (quoting *Conley v. Gibson*, 335 U.S. 41, 45-45 (1957)). This "is particularly so when the *pro se* plaintiff alleges that his civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). *Pro se* complaints must be interpreted as raising the strongest claims they suggest, but "must still state a plausible claim for relief." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

**SECTION 1983**

Section 1983 provides that "[e]very person who, under the color of any statute,

ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States… to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself the source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Paterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under Section 1983, a plaintiff must allege (1) the challenged conduct was attributable to a person who was acting under color of state law and (2) "the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York,* No. 09 Civ. 5446, 2013 WL 1803896, at *2 (S.D.N.Y. Apr. 25, 2013); *see Cornejo v. Bell*, 529 F.3d 121, 127 (2d Cir. 2010). Therefore, there are two elements to a §1983 claim: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. *See Annis v. Cnty of Westchester*, 136 F.3d 239, 245 (2d. Cir. 1998); *Quinn v. Nassau Cnty. Police Dep't*, 53 F. Supp. 2d 347,354 (E.D.N.Y. 1999) (noting that Section 1983 "furnished a cause of action for violation of federal rights created by the Constitution") (citation omitted).

**EIGHT AMENDMENT**

The Eighth Amendment of the United States Constitution prohibits cruel and unusual punishment against a prisoner. *Whitley v. Albers*, 475 U.S. 312 (1986). To state a plausible Eighth Amendment excessive force claim, a plaintiff must sufficiently allege both the objective and the subjective elements of an Eighth Amendment analysis. This means that the court must analyze both the type of harm and whether that harm was inflicted wantonly and unnecessarily.

*See Whitley v. Albers*, 475 U.S. at 319 (1986); *Sims v. Artuz*, 230 F.3d 14, 21 (2d Cir. 2000). "'[W]anton' conduct involves force that is applied 'maliciously and sadistically to cause harm' as opposed to force that is 'applied in a good-faith effort to maintain or restore discipline.'" *Atkins v. County of Orange*, 372 F. Supp. 2d 377, 398 (S.D.N.Y. 2005) (quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992)). Allegations of verbal harassment fall short of a Section 1983 claim. *Williams v. Dubray*, 557 F. App' x 84, 86 (2d Cir. 2014); *Johnson v. Eggersdorf*, 8 F.App'x 140, 143 (2d Cir. 2001) ("In this Circuit, allegations of verbal harassment are insufficient to base a § 1983 claim if no specific injury is alleged."); *Purcell v. Coughlin* , 790 F.2d 263, 265 (2d Cir. 1986); *Jamiel v. Washburn*, No. 17-CV-7172(NSR), 2019 WL 2491596, at *2 (S.D.N.Y. June 14, 2019).

Section 1983 claims of inadequate or indifference to an inmates medical needs are asserted under the Eighth Amendment. To assert such a claim, an inmate prisoner must demonstrate show that the defendant has been deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1997). Deliberate indifference in the context of a claim of inadequate medical care is evaluated under a two-pronged test comprised of both objective and subjective components. *See Hill v. Curcione* , 657 F.3d 116, 122 (2d Cir. 2011). The objective component of this standard requires that the alleged medical need be a sufficiently serious condition that " ' could result in further significant injury or the unnecessary and wanton infliction of pain.' " *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)). The relevant inquiry is the " particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner' s underlying medical condition … ." *Smith v. Carpenter* , 316 F.3d 178, 186 (2d Cir. 2003) (citing *Chance*, 143 F.3d at 702-03). The subjective component requires a prisoner to show that a defendant acted with a " sufficiently culpable state of mind" in depriving him of

6

adequate medical treatment. *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). That is, a plaintiff must show that a defendant " knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) (quoting *Farmer*, 511 U.S. at 837); *Salahuddin*, 467 F.3d at 280-81.

## DISCUSSION

Liberally interpreting the second amended complaint, Plaintiff asserts that Defendants CO Fierro and CO Ortiz verbally harassed him. While inappropriate, verbal harassment does not support a cognizable Section 1983 claim. Although Plaintiff's allegations suggest that the Defendants did so in the hopes that other inmates might blame Plaintiff for restrictions imposed upon them and perhaps retaliate against Plaintiff in some form, such unsupported factual speculation cannot conjure up a Section 1983 claim where no such claim exists. *See, e.g.*, *Turner v. Boyle*, 116 F. Supp. 3d 58, 83 (D. Conn. 2015); *Volpe v. Nassau County*, 915 F. Supp. 2d 284, 288 (E.D.N.Y. 2013); *Missere v. Gross*, 826 F. Supp. 2d 542, 568 (S.D.N.Y. 2011). Accordingly, Plaintiff's claims of verbal harassment are deemed dismissed with prejudice.

Plaintiff's claim of physical assault also fails. It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983. *Spavone v. N.Y.S. Dep' t of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) (citation omitted). Plaintiff's allegations lack clarity concerning the date and time of the incident. Plaintiff fails to identify which individual(s) physically assaulted him, and the nature of the injuries, if any. Due to the lack of specificity in the allegations, Plaintiff's claim of use of excessive "on 2 complex by the mess hall" is dismissed.

To the extent Plaintiff attempted to assert a claim under the Eighth Amendment for indifference to medical needs, Plaintiff's allegations also fails. Plaintiff does not allege the nature or the extent of the injuries. The factual allegations do not assert that a defendant was deliberately indifferent to his serious medical needs. There are no factual support to find that Plaintiff sustained a significant injury or the unnecessary and wanton infliction of pain which could result in further significant injury. Accordingly, such claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in its entirety. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 18, to terminate the action, to mail a copy of this opinion to *pro se* plaintiff and to show proof of service on the docket.

Dated: December 13, 2019
        White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge